NOTICE
Decision filed 07/24/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250609-U

NO. 5-25-0609

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE ESTATE OF COLETON NATHANIEL FOLEY, Deceased, | ) ) ) | Appeal from the Circuit Court of Hamilton County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-PR-13 |
| COLIN CHARLES DODD, | ) ) | Honorable R. James Giacone II, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Sholar and Bollinger concurred in the judgment.

## ORDER

¶ 1     *Held*: Where the circuit court properly considered the statutory language of section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)) in denying the request for assessment of interest on the delayed settlement paid to the Estate of Coleton Nathaniel Foley, we affirm.

¶ 2     On September 28, 2023, a motor vehicle collision in Hamilton County resulted in the death of Coleton Nathaniel Foley (Coleton). The other driver was Colin Charles Dodd (Dodd). Coleton was survived by his parents and four minor siblings. Jennifer K. Vickers, Coleton's mother, was appointed the independent administrator of Coleton's estate (the Estate). Thereafter, she filed a lawsuit against Dodd in federal court seeking damages pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq.*(West 2022)). The parties reached a settlement on October 18, 2024.

1

¶ 3    On February 10, 2025, the settlement agreement and release documents were signed. The resulting confidential settlement payment was delayed because the check was lost by the United States Postal Service. Ultimately, the payment was wired to the Estate's attorney. At issue in this appeal is whether the delayed settlement payment mandated the imposition of an interest penalty. The Illinois probate court overseeing the settlement process concluded that no interest penalty was due because Dodd's attorney and insurer substantially complied with the statutory delivery requirement. For the following reasons, we affirm.

¶ 4                                I. BACKGROUND

¶ 5    On December 2, 2024, the Hamilton County circuit court appointed four guardians *ad litem* (GAL) to represent the minor siblings. The settlement approval hearing was held on February 10, 2025, with a disputed issue over how the GAL fees would be assessed between the parties. The court approved the settlement on February 10, 2025, and ordered each side to pay 50% of the GAL fees. The court also concluded that both the attorney's contingency fee and the litigation expenses were fair, reasonable, and customary, and approved those sums to be deducted from the settlement proceeds.

¶ 6    On February 10, 2025, the Estate's attorney signed the settlement agreement and release. On February 11, 2025, the parties filed a joint motion in federal court asking the court to abstain from adjudicating settlement approval and distribution. The federal court granted this motion.

¶ 7    Section 2-2301(d) of the Code of Civil Procedure (735 ILCS 5/2-2301(d) (West 2022)) mandates prompt payment of settlements "within 30 days of tender *** of the executed release ***." The original check was lost by the United States Postal Service, and the substituted wire transfer was completed on March 17, 2025. Then, the Estate filed a motion in federal court to enforce the settlement and to impose the late payment penalties pursuant to the statutory timeline.

2

Ultimately, the federal court declined to consider the motion, ruling that the Illinois circuit court was the proper forum.

¶ 8 On April 7, 2025, the Estate then filed a petition in Hamilton County circuit court asking the court to assess statutory interest for the late settlement payment. On April 14, 2025, Dodd filed a motion to quash the petition arguing that the circuit court lacked jurisdiction over him and/or the subject matter because he had never been formally made a party in the probate court case, noting that the Estate amended the probate court caption to name Dodd as a party without leave of court or service of process. In response, the Estate argued that it did not need leave of court to pursue the statutory remedy for late payment of the settlement. However, the Estate filed a motion for leave to add Dodd as a party. The court granted that motion on May 8, 2025, and denied Dodd's motion to quash, finding that it had jurisdiction over Dodd based upon the participation of his attorneys in the settlement approval and allocation of GAL fees.

¶ 9 In response to the Estate's petition to impose a penalty for late payment of the settlement funds, Dodd submitted an affidavit of Stephen Squatriglia, a senior claims adjuster at Vault Insurance, explaining the timeline of the attempted payment and other issues. The initial check was the first settlement check to be issued by Vault Insurance pursuant to a new software system. The process of issuing the check began on February 20, 2025, with an unspecified error necessitating a stop payment process. On February 27, 2025, a second check issuance request was made in the system, which was ultimately approved. The check was issued and sent via certified United States Postal Service mail on March 7, 2025. Thereafter, the United States Postal Service notified Vault Insurance that delivery of the check would be delayed. On March 13, 2025, Dodd's attorney informed the Estate's attorney about the delay, and stated that the check would be hand-delivered on March 14, 2025. On March 14, 2025, the United States Postal Service confirmed that

3

the check would not be delivered as planned because it was "lost in the mail." Vault Insurance then stopped payment on the missing check, confirmed that funds for the settlement were still available, and made a lump sum payment by wire transfer to the Estate's attorney on March 17, 2025.

¶ 10 On July 2, 2025, the circuit court held a hearing on the Estate's petition to impose a statutory interest penalty for late payment. The court found that the Illinois interest penalty statute applied and further agreed that the penalty statute applied in this case because the settlement documents contained no other timeline for payment. The court noted that the settlement release documents were executed by Dodd's attorney on February 10, 2025; that the settlement documents contained no timeline for payments; and that the procedural statute contained a 30-day timeline for tendering payment. The court concluded that Vault Insurance made a good faith effort to pay the settlement proceeds within the required statutory timeline, noting the various steps the company took as described in the insurer's affidavit. The court found that the statute's purpose is to mandate the diligent payment of settlements after the settlement documents are signed. The court found that there was sufficient evidence of diligence in this case, and concluded that Dodd, through his insurer, substantially complied with the statutory requirements. Thus, the court declined to impose any remedy for Vault Insurance's late payment. The Estate appeals.

¶ 11                                                II. ANALYSIS

¶ 12 On appeal, the Estate's attorneys contend that the circuit court erred in not awarding statutory interest because the settlement payment was not made within 30 days after the settlement documents were signed. Section 2-2301(d) of the Code of Civil Procedure provides: "A settling defendant shall pay all sums due to the plaintiff within 30 days of tender by the plaintiff of the

4

executed release and all applicable documents ***." 735 ILCS 5/2-2301(d) (West 2022). The statute also provides:

> "If, after a hearing, the court having jurisdiction over the parties finds that timely payment has not been made by a defendant pursuant to subsection (d) of this Section, judgment shall be entered against that defendant for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under Section 2-1303 of this Code, calculated from the date of the tender by the plaintiff under subsection (d) of this Section." 735 ILCS 5/2-2301(e) (West 2022).

Section 2-1303 of the Code of Civil Procedure provides that the interest rate referenced in section 2-2301(e) is "9% per annum from the date of the judgment until satisfied." 735 ILCS 5/2-1303 (West 2022).

¶ 13    On appeal, Dodd argues that he was not a party in the probate court case because he never submitted to the court's jurisdiction. We must first determine if the Illinois circuit court had jurisdiction over Dodd. We review the question of a court's jurisdiction on a *de novo* basis where the court made the determination without an evidentiary hearing. *In re Jade J*., 2025 IL App (1st) 241803, ¶ 15 (citing *Russell v. SNFA*, 2013 IL 113909, ¶ 28).

¶ 14    In this case, the initial wrongful death lawsuit was filed in federal court because the defendant was not an Illinois resident. However, because the case involved minor beneficiaries whose interests must be protected, Illinois substantive law mandates Illinois probate court approval of the settlement. *Ott v. Little County of Mary Hospital*, 273 Ill. App. 3d 563, 570-71 (1995).

¶ 15    The record reflects that Dodd's attorneys filed an entry of appearance in the probate court case on February 7, 2025, seeking a hearing to approve the settlement agreement. Then, on April 7, 2025, the Estate filed a petition to impose the statutory interest penalty due to the late payment

of the settlement. Although the entry of appearance Dodd's attorneys filed in the probate court case did not specifically state that the entry was connected to Dodd, the court found that he submitted to the court's jurisdiction because of that appearance and his attorneys' participation in the later hearing regarding the allocation of the GAL fees and approval of the settlement. We agree with the court's conclusion that it had jurisdiction over Dodd. When an attorney files an appearance or a document in court, that filing "constitutes voluntary submission to the circuit court's personal jurisdiction and waives any objections to personal jurisdiction." *Jade J.*, 2025 IL App (1st) 241803, ¶ 20.

¶ 16     Having determined that the Illinois probate court had jurisdiction over Dodd, we turn to the question whether section 2-2301 mandates imposition of interest penalties in this case. The detailed settlement agreement in this case is six pages in length and was filed as a sealed exhibit to the Hamilton County petition for approval of the confidential settlement. Two subsections of section 2-2301 were referenced in the settlement document. In paragraph four, subsection (c) is referenced as follows:

> "Furthermore, it is understood and agreed that Plaintiff's attorneys shall hold the full amounts of any and all liens, rights of subrogation, and other third-party rights of recovery that may apply to the proceeds of this settlement in their client fund account pending the final resolution of the amount of the right of recovery pursuant to 735 ILCS 5/2-2301(c)."

The settlement document makes no reference to and thus does not incorporate either section 2-2301(d), which mandates payment within 30 days of tender of the settlement documents, and/or section 2-2301(e), which requires the payment of costs and interest if the settlement payment is not received within 30 days. The attorneys representing the Estate were aware of section 2-2301 and could have included the more specific subsections they now ask this court to apply, but they

6

selectively chose only to reference 2-2301(c). While the Estate argues that "existing law becomes an integral part of every contract" (see *Sproull v. State Farm Fire & Casualty Co.*, 2021 IL 126446, ¶ 20), the inclusion of only subsection 2-2301(c) undermines their argument on appeal that subsections 2-2301(d) and (e) were intended to apply in this case.

¶ 17    Moreover, paragraph seven of the settlement agreement contains a very specific integration clause: "This release contains the entire agreement between the parties hereto and the terms of this release are contractual and not a mere recital. It is expressly understood and agreed that there has been no promise or representation except as expressly provided herein." "An integration clause is a clause which provides that any prior negotiations leading up to the contract are subsumed in the contract and that the contract is complete in itself." *Set Environmental, Inc. v. Power Cartage Inc.*, 2022 IL App (1st) 211403, ¶ 37 (citing *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 464-65 (1999)). However, an integration clause will not stop parties from making a claim of fraud based upon statements not contained in the contract. *Bauer v. Giannis*, 359 Ill. App. 3d 897, 907 (2005) (citing *Vigortone AG Products, Inc. v. PM AG Products, Inc.*, 316 F.3d 641, 644 (7th Cir. 2002)). Here, the claim is not based upon fraud, but upon late receipt of the settlement funds caused solely by the United States Postal Service.

¶ 18    Finally, we note that the circuit court thoroughly analyzed the statutory language and legislative intent, in concluding that while the statutory language is intended to require payment in a timely fashion, it did not require that the payment be received within the 30 days after the settlement documents were signed: "The legislature used the language 'shall pay' in Section 2-2301(d). It could have said 'received by Plaintiff' had it intended that the money actually be received by Plaintiff within the 30 days." The court also noted that the legislature repeatedly used the word "tender" throughout the statute, but that in subsection 2-2301(d), the legislature instead

7

used the word, "pay." The court distinguished "tender" from "pay" stating: "Pay is a verb that requires action by the Payor." Noting that the purpose of section 2-2301(d) is to mandate diligence in both the preparation of settlement documents and the payment of settlements after the documents are signed, the court concluded that evidence in this case established "sufficient diligence" and "substantial compliance" with the provisions of section 2-2301(d). We agree with the circuit court's analysis and conclusion that the legislature's choice of words in this statutory section was focused on the settling payor's actions in making payment to the plaintiffs instead of being focused on the actual receipt of the payment.

¶ 19    Having carefully reviewed the circuit court's factual findings in this case, we find that the defendant substantially complied with section 2-2301. We concur with the circuit court's conclusion that there was "a good faith effort to pay the settlement proceeds within the required timeframe" of the statutory provision, and that the court's denial of the Estate's motion for interest was appropriate given the unique circumstances of this case.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the Hamilton County circuit court's order denying the Estate of Coleton Nathaniel Foley's request for interest on the paid settlement.


¶ 22    Affirmed.